IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03170-PAB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 5-8,

    Defendants.

---

**ORDER ON MOTION TO QUASH**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Doe #7's Renewed Motion to Quash [filed February 6, 2013; docket #17]. The matter has been referred to this Court for disposition. Docket #20. Plaintiff filed a response to the motion on February 27, 2013 (docket #26) and, although provided the opportunity to do so, Doe #7 did not file a reply in support of the motion. For the reasons that follow, Doe #7's Renewed Motion to Quash is **denied**.

**I.  Background**

Plaintiff initiated this action on December 4, 2012, against eight Doe Defendants. Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. Docket #7. The Court determined that Plaintiff had shown good cause for limited expedited discovery, and

granted Plaintiff's motion in part. Docket #10. In particular, the Court authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the eight (8) IP addresses listed in Docket #7-3. The Court directed that the subpoena be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, the Court directed Plaintiff also to serve a copy of its order. Finally, the Court emphasized that Plaintiff was only permitted to use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint. The Court cautioned Plaintiff that improper use of this information would result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Doe #7's ISP, Comcast, on December 13, 2012 (hereinafter "the subpoena"). Docket #12 at 76-77. In turn, Comcast notified Doe #7 that it would release his identifying information to Plaintiff by January 23, 2013, unless Doe #7 filed an objection with the Court. *Id*. at 75. Consistent with these instructions, Doe #7 filed a motion to quash the subpoena on January 17, 2013. Docket #12. The Court denied the motion without prejudice on January 23, 2013, due to Doe #7's failure to request permission to proceed anonymously. Docket #14.

In conjunction with a motion to proceed anonymously, Doe #7 filed a renewed motion to quash on February 6, 2013.[1] Dockets ##16, 17. Doe #7 argues the subpoena served on Comcast should be quashed because "it is not very likely" to identify the actual infringer and, thus, will

---

[1] The Court granted Doe #7's motion to proceed anonymously for the sole purpose of adjudicating the motion to quash, and noted that further permission would be necessary if Doe #7 wished to continue proceeding anonymously. (Docket #24.)

unduly burden Doe #7 by causing embarrassment and "harassment" by the Plaintiff to settle. Doe #7 also challenges the extent to which Plaintiff's identification of the infringing IP address can be used to show Doe #7 committed the alleged infringement. Given the risk of mistaken identification and the public embarrassment that may ensue from perceived unlawful downloading of Plaintiff's pornographic film, Doe #7 asks the Court to prohibit Comcast from disclosing his identifying information.

Plaintiff responds that Doe #7 fails to meet the requirements of Fed. R. Civ. P. 45 for quashing the subpoena. Plaintiff contends that an IP number is the most effective way to identify a potential infringer and that the two circuit courts to rule on the issue have approved of appropriate subpoenas. Further, Plaintiff argues that even if the subscriber is not the actual infringer, the federal court rules allow discovery of the "identity and location of persons who know of any discoverable matter." Moreover, Plaintiff contends that it should not be held accountable for conduct by counsel in another case in a different district under different circumstances to which it is not related. Plaintiff also notes that Doe #7's "personal attacks" and "efforts to impugn Plaintiff's copyright protection endeavors" from "behind a shroud of anonymity" should be ignored as baseless.

## II.     Discussion

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except

as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party only has standing to challenge a subpoena served on a third party on the basis of privilege, personal interest, or proprietary interest. *See, e.g., Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant."); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (same).

Comcast, the recipient of the subpoena, has not objected to its terms. However, Doe #7 argues that he has standing to quash based on a personal and/or proprietary interest in his identifying information. Plaintiff does not appear to dispute this interest. Thus, the Court may consider Doe #7's motion to quash, but must limit its analysis to whether the subpoena served on Comcast

requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

Several courts have found that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). In any event, the burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

In this case, Doe #7's motion does not address whether the information sought is privileged or otherwise protected. Instead, Doe #7 asks the Court to quash the subpoena based on alleged misidentification, Plaintiff's settlement practices, and the potential for embarrassment.

First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon alleged misidentification. "[T]he concern that someone else may have somehow gained access to the Doe's computer is essentially a denial of personal liability." *Malibu Media, LLC v. John Does 1-7*, No. 12-1189, 2013 WL 501445, at *2 (C.D. Ill. Feb. 11, 2013). However, "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC*, 276 F.R.D. at 250. Thus, Doe #7's arguments challenging Plaintiff's investigation methods and concerning the accessibility of unprotected wireless routers are premature at this stage of the litigation and more properly raised during adjudication of the merits of this case. "Without the identifying information to name the Doe Defendants as parties to the lawsuit, the plaintiff would not have 'the opportunity to contest the merits and the veracity of their defenses.'"

*Id.* at 251 (quoting *Voltage Pictures, Inc. v. Does 1-5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011).

Further, the Plaintiff is correct that the federal rules allow the discovery it seeks: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including ... the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Here, Doe #7 does not claim that his identifying information is "privileged" and, as the internet subscriber with an IP address captured by the Plaintiff in investigating potential copyright infringement, Doe #7 certainly "may know of any discoverable matter," including information that may lead to the identification of the actual infringer.

Doe #7's remaining arguments are also insufficient under Rule 45. Though Doe #7 expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis. Even if it did, however, the Court has not observed nor been made aware of any particular Defendant in the cases before this Court who has experienced "coercive" settlement tactics by the Plaintiff. Doe #7 attaches affidavits from three attorneys who practice in this District and from two parties (one identified as "John Doe," but it is unclear whether it is Doe #7) in which these individuals attest that, when offered the opportunity to investigate the parties' claimed innocence, Plaintiff is not interested in doing so. The Court does not doubt the description of these affiants' experiences, but the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement. Moreover, while the Court encourages the Defendants' willingness and attempts to demonstrate their non-participation in the alleged conduct, the Court also recognizes the time and expense involved with scanning electronic devices for evidence of infringing activity, especially at the pre-discovery stage of litigation. Thus, the Court is not convinced that Doe #7 has suffered

"coercion" by the Plaintiff such as might constitute an "undue burden" under Rule 45.

Equally outside the scope of Rule 45 is a party's concern that being named as a defendant in a federal lawsuit may cause embarrassment and/or injure his or her reputation. Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work he allegedly infringed). While the Court acknowledges Doe #7's concerns, it is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.

However, even if embarrassment at being named in a lawsuit of this type might constitute an "undue burden" pursuant to Rule 45, in an effort to reduce the likelihood of any untoward settlement conduct or undue embarrassment of a Doe Defendant, this Court affirms the practice of ISPs to withhold a Doe Defendant's identifying information pending the resolution of any motion filed by a Doe Defendant challenging the subpoena, and typically grants a Doe Defendant's well-supported motion to proceed anonymously in the case pending resolution of motions to dismiss or to sever, or motions to quash. Further, with the Plaintiff's consent, the Court has granted motions for protective order allowing Doe Defendants to proceed in the litigation anonymously. In this case, Doe #7 obviously has not been identified and any potential for embarrassment may be avoided (at least for a reasonable period) if agreeable to all parties.

### III.    Conclusion

For the reasons stated above, the Court finds that Doe #7 has not met his burden of showing that the subpoena served on Comcast must be quashed. Therefore, Defendant Doe #7's Renewed Motion to Quash [filed February 6, 2013; docket #17] is **denied**.

Entered and dated at Denver, Colorado, this 20th day of March, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge